UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WINSTON L. DEAN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0786** |
| **ORLEANS PARISH PRISON** | **SECTION "J"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.**     **Factual Summary**

The plaintiff, Winston L. Dean Jr. ("Dean"), is a pretrial detainee who is incarcerated at the Winn Correctional Center in Winnfield, Louisiana.. He filed this *pro se* and *in forma pauperis* complaint against the Orleans Parish Prison ("OPP"). He contends that during his temporary incarceration at the OPP he was exposed to insect infestation, mold, mildew, and excessive water leaks. He contends that the water leaked from the ceiling onto the mats and floors. He complains that the presence of mold and mildew is hazardous to his health and can cause cancer. Further, he contends that the insects are just "plane nasty." He seeks an Order from the Court awarding him $1.2 million. He does not make any allegations that he has sustained any damages as a result of the

unsanitary conditions. Instead, he alleges that there is a risk of injury to him because of the presence of the conditions.

## II.    Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (*citing Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)) (*quoting McCormick v. Stadler,* 105 F.3d 1059, 1061 (5th Cir. 1997)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Improper Defendant-Orleans Parish Prison

Dean has named the Orleans Parish Prison as a defendant because he was incarcerated within OPP at the time of conditions about which he complains.  However, the prison is not a "person" to be held liable within the meaning of § 1983.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).  Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute.  *Cullen v. DuPage Cnty.*, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester Cnty. Corr. Facility Admin.*, 1997 WL 659100 at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).  Thus, OPP is clearly not a proper defendant in this case.

In addition, a Parish prison is not a proper defendant because it lacks capacity to be sued as required under Fed. R. Civ. P. 17(b) and Louisiana law.  Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status.  The Court in *Roberts* stated:

> [T]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue.  In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.  1 Sands & Libonati,

> § 2.18 and authorities cited therein, §§ 2.19, 2.20.  Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.  *Id.* at 2.02.

*Roberts*, 634 So.2d at 346-47.  In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board.  *See Id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So.2d 611, 616 (La. App. 3d Cir. 1994), *writ denied*, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued.  In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit."  *Bowen*, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails.  The Parish is charged with its jails' physical maintenance.  La. Rev. Stat. Ann. § 15:702.  However, the duty to administer and operate the parish jails falls on the Sheriff of each Parish.  La. Rev. Stat. Ann. § 15:704.  The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government.  La. Const. Art. V § 27; *see Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2d Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, OPP, as a Parish jail, is not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff,  neither of whom are named as defendants herein.  *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341, 347 (La. 1994).  The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

4

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing, with prejudice, the St. Tammany Parish Jail as a improper defendant); *accord Dale v. Bridges*, 1997 WL 810033 at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued). Accordingly, Dean's claim against OPP should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV.     Recommendation

**IT IS THEREFORE RECOMMENDED** that Dean's § 1983 claims against the Orleans Parish Prison be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)[1].

New Orleans, Louisiana, this 2nd day of February, 2011.

                                     **KAREN WELLS ROBY**
                            **UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days